FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

## IN THE PREBLE COUNTY COMMON PLEAS COURT

SARAH VALENTIN
3100 NEW MARKET BANTA RD.
WEST ALEXANDRIA, OH 45381

    PLAINTIFF             CASE NO.

vs.

SYNCHRONY BANK
170 WEST ELECTION ROAD, SUITE 125
DRAPER, UTAH 84020

    and

EXPERIAN INFORMATION SOLUTIONS, INC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS, OH 43219

    DEFENDANTS

### COMPLAINT

Plaintiff, Sarah Valentin (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Synchrony Bank ("Synchrony") and Experian Information Solutions, Inc., ("Experian"), alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting

1

FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

Case: 3:22-cv-00103-WHR-PBS Doc #: 4 Filed: 04/20/22 Page: 2 of 7 PAGEID #: 41

practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

2. Plaintiff, Sarah Valentin, is an adult citizen of Ohio.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Synchrony is a business entity that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Experian is a corporation that engages in the business of maintaining and reporting consumer credit information.

6. Venue is proper because plaintiff resides in Preble County and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Lucas County.

7. Defendant Synchrony issued a credit card account ending in 0844 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

8. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

9. On or about May 26, 2021, Plaintiff and Synchrony entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.

2

FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

Case: 3:22-cv-00103-WHR-PBS Doc #: 4 Filed: 04/20/22 Page: 3 of 7 PAGEID #: 42

10. Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $734.52 to settle and close her Synchrony account.

11. Plaintiff, via her debt settlement representative, timely made the requisite settlement payment.

12. However, over half a year later Plaintiff's Synchrony account continued to be negatively reported.

13. In particular, on a requested credit report dated January 24, 2022, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF," a balance of $1,101.00, and a past due balance of $1,101.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit A**.

14. This tradeline was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

15. On or about January 25, 2022, Plaintiff, via her attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Synchrony account. A redacted copy of this letter is attached hereto as **Exhibit B**.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to credit reporting agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

17. On or about March 10, 2022, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's Synchrony account remained inaccurate, as

3

FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

Case: 3:22-cv-00103-WHR-PBS Doc #: 4 Filed: 04/20/22 Page: 4 of 7 PAGEID #: 43

Defendants failed to correct the inaccuracy. The relevant portion of the March 10, 2022 credit report is attached hereto as **Exhibit C**.

18. Experian did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Synchrony and Synchrony failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

19. If Synchrony had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would have been updated to reflect a "settled" status with a balance of $0.00.

20. Despite the fact that Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, Synchrony has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Experian.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and

FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

Case: 3:22-cv-00103-WHR-PBS Doc #: 4 Filed: 04/20/22 Page: 5 of 7 PAGEID #: 44

course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

24. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

25. Synchrony is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

26. Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

27. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

28. Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

29. Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

30. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

5

FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

31. Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

32. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, denial of reduction in utility bill, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

33. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

FILED
PREBLE COUNTY OH
03/18/2022 08:27 AM
BRIONNE REYNOLDS,CLERK OF COURTS
22CV032408

Case: 3:22-cv-00103-WHR-PBS Doc #: 4 Filed: 04/20/22 Page: 7 of 7  PAGEID #: 46

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: _____

Thomas G. Widman, Esq. (Bar No. 0059259)
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
E-mail: thomas.w@gitmeidlaw.com
*Attorneys for Plaintiff*